**The Honorable Marsha J. Pechman**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA C. THORNELL, on behalf of
herself and all others similarly situated,

              Plaintiff,

      v.

SEATTLE SERV. BUREAU, INC. d/b/a
NATIONAL SERV. BUREAU, INC., and
STATE FARM MUT. AUTO INS. CO.

              Defendants.

NO. 2:14-cv-01601-MJP

DEFENDANT STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S
MOTION TO DISMISS AND MOTION TO
STRIKE

**Note on Motion Calendar:  November 14, 2014**

**Oral Argument Requested**

## I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiff Sandra C. Thornell's ("plaintiff") two-count Complaint against defendant State Farm Mutual Automobile Insurance Company ("State Farm") is fatally flawed and should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  Further, the class allegations of the Complaint should be stricken under Rule 12(f).

In Count I, plaintiff attempts to state a claim against State Farm under the Washington Consumer Protection Act ("WCPA").  Plaintiff's claim is premised on three demand letters sent to her by the other defendant in this case, Seattle Service Bureau, Inc. ("SSB"), a collection agency allegedly working on State Farm's behalf to pursue a subrogation claim arising out of a car accident involving plaintiff's son and a State Farm insured driver.  Plaintiff claims the letters deceived her

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP     - 1 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

into believing she might owe a liquidated debt to State Farm, thus causing her to purchase a credit monitoring program and to consult with an attorney.  (*See* Dkt. 2, p. 9 (Complaint) ¶¶ 20-21.)

Count I, however, fails to state a claim against State Farm for two reasons.  *First*, State Farm cannot be directly or vicariously liable for plaintiff's alleged injury because plaintiff fails to allege that ***State Farm*** itself took any act whatsoever either to deceive plaintiff or to direct or control SSB to do the same.  In fact, plaintiff's ***only*** allegation concerning State Farm and her alleged deception is that State Farm merely "assigned" its subrogation claim to SSB.  (*Id.*, p. 6, ¶ 9.)  On facts precisely like those alleged by plaintiff here, the Washington Court of Appeals has held that an insurance company's assignment of a subrogation claim to a debt collection agency is ***not*** sufficient to establish either direct or vicarious liability under the WCPA against the insurance company.  *See Stephens v. Omni Ins. Co.*, 159 P.3d 10, 26 (Wash. Ct. App. 2007), *aff'd sub nom. Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885 (Wash. 2009).[1]  Thus, plaintiff does not plausibly allege a WCPA claim against State Farm, and Count I should be dismissed.

*Second*, plaintiff, who resides in Texas and is not a resident of Washington, cannot maintain a suit under the WCPA arising from alleged conduct (a letter she received in Texas) and injuries (expenses she incurred in Texas) that occurred outside the State of Washington.  Persuasive authority holds that the WCPA should not be applied extraterritorially based on these facts.  *See Schnall v. AT&T Wireless Servs., Inc.*, 225 P.3d 929, 938-39 (Wash. 2010).[2]  Further, applying Washington law to State Farm would violate State Farm's constitutional rights under the Full Faith and Credit and Due Process Clauses of the U.S. Constitution.  This Court thus should hold that

---

[1]   The portion of the Washington Court of Appeals' ruling in *Stephens* reversing summary judgment against the defendant insurance company was not appealed and thus was not at issue in the Washington Supreme Court's subsequent decision in *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885 (Wash. 2009).

[2]   As discussed further below, the Washington Supreme Court subsequently withdrew this opinion and issued a new one, in which the majority did not address the extraterritoriality issue.  Regardless, State Farm respectfully submits that this decision remains the best indication of how the Washington Supreme Court would decide this issue.

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP        - 2 -
727717.1/102314 1044/77540326

**Betts
Patterson
Mines**
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   plaintiff cannot maintain a claim under the WCPA on the facts alleged and dismiss Count I

2   accordingly.

3      Count II of the Complaint, a claim for unjust enrichment, also fails on the facts alleged by the

4   plaintiff.  Simply put, plaintiff has failed to state a claim for unjust enrichment against State Farm

5   because she has not alleged that she conferred any benefit on State Farm.  Plaintiff has alleged only

6   that, in response to the allegedly deceptive letters, she purchased a credit monitoring program and

7   consulted with an attorney — acts which did not conceivably confer any benefit upon State Farm.

8   (Dkt. 2, p. 9 (Complaint) ¶¶ 20-21.)  Moreover, plaintiff does **not** allege that she remitted to either

9   State Farm or SSB the payment allegedly sought in the letters.  Thus, plaintiff did not confer any

10  benefit on State Farm, and Count II should be dismissed.  *See, e.g.*, *Taylor v. Bank of America, N.A.*,

11  2014 WL 1418321, at *4 (E.D. Wash. Apr. 14, 2014).

12     Additionally, plaintiff's requests for declaratory and injunctive relief should be dismissed

13  because such relief is unavailable where, as here, plaintiff has an adequate remedy at law in the form

14  of monetary damages, which plaintiff simultaneously seeks in this case.  *See, e.g.*, *United States v.*

15  *Clagett*, 3 F.3d 1355, 1356 (9th Cir. 1993).

16     Finally, plaintiff's class allegations should be stricken for three reasons.  *First*, because

17  plaintiff's individual claims fail on the facts alleged in the Complaint, plaintiff simply lacks standing

18  to represent her putative class action claims, which necessarily must also be dismissed.  *See, e.g.*,

19  *O'Shea v. Littleton*, 414 U.S. 488, 494 n.3 (1974).  *Second*, even if plaintiff's individual claims were

20  to survive State Farm's Motion to Dismiss, the class allegations nevertheless still should be stricken

21  because plaintiff's individual claims are not typical of the putative class, in which plaintiff includes

22  putative class members that — unlike plaintiff — are residents of Washington and allegedly remitted

23  payment in response to allegedly deceptive letters like the ones received by plaintiff.  Those

24  differences between plaintiff's individual claims and the putative class claims are fatal to plaintiff's

25

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP  - 3 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

ability to establish the typicality requirement of Federal Rule of Civil Procedure 23(a).  *See, e.g.*, *J.T. v. Regence BlueShield*, 291 F.R.D. 601, 612 (W.D. Wash. 2013).  *Third*, the claims of plaintiff's putative class would require this Court to apply the laws of all 50 states, rendering this case inherently unmanageable as a class action.  *See, e.g.*, *Duncan v. Nw. Airlines, Inc.*, 203 F.R.D. 601, 613 (W.D. Wash. 2001) (denying certification because "[t]his case would implicate the laws of Washington, Michigan, Minnesota, Illinois and New York").  Thus, plaintiff's class allegations should be stricken.

## II.   FACTS

Plaintiff's claims are based on three letters she alleges were sent to her by defendant Seattle Service Bureau, Inc. ("SSB," together with State Farm, "defendants"), in reference to a motor vehicle accident between plaintiff's son and a motorist insured by State Farm.  Plaintiff is a resident of Texas (Dkt. 2, p. 5 (Complaint) ¶ 2), and the accident between her son and the State Farm insured occurred in San Antonio, Texas.  (*Id.*, ¶ 6.)  Plaintiff alleges that, by way of three letters (the "SSB Letters") addressed and sent by SSB to plaintiff and her son in Texas (*id.*, pp. 6-7, ¶¶ 9-13), defendants allegedly deceived plaintiff into believing she owed a debt of $9,126.18 to State Farm, when in fact, State Farm "possessed, at best, a potential, unliquidated claim based on a subrogated interest from its insured."  (*Id.*, p. 8, ¶ 18.)  Specifically, plaintiff alleges that, in the SSB Letters, SSB identified itself as a "debt collector attempting to collect a debt" (*id.*, p. 6, ¶ 9), and that the SSB Letters contained "detach and return" payment slips (*id.*, pp. 6, 7, ¶¶ 9, 12) and other language indicating that plaintiff owed a debt, including phrases such as "BALANCE DUE: $9,126.18" and "FINAL NOTICE."  (*Id.*)  Plaintiff claims that, as a result of the SSB Letters, she "became concerned about her credit rating" and so "obtained her credit reports" and "enrolled in a credit monitoring program."  (*Id.*, p. 9, ¶ 20.)  Plaintiff also allegedly "sought and retained legal counsel experienced in debt collection and consumer protection laws."  (*Id.* ¶ 21.)  Plaintiff does ***not***,

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 4 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   however, allege that she remitted payment to defendants of any portion of the $9,126.18 allegedly

2   sought in the SSB Letters.

3     Plaintiff seeks to hold State Farm liable on the basis of the SSB Letters, but the Complaint

4   contains no allegations that State Farm itself took any part in the creation of or decision to send the

5   SSB Letters to plaintiff.  Nor does the Complaint contain any allegations as to State Farm's

6   relationship with or connection to SSB, including whether State Farm had the right and ability to

7   control the letters sent by SSB to plaintiff.  In fact, the ***only*** allegation made by plaintiff concerning

8   State Farm and the SSB Letters is that SSB allegedly stated in one of the SSB Letters that State Farm

9   had "assigned this claim to our office to pursue collections against you."  (*Id.*, p. 6, ¶ 9.)

10     On the basis of these allegations, plaintiff attempts to state personal claims against both SSB

11   and State Farm under the WCPA (Count I) and for unjust enrichment (Count II).  (*Id.*, pp. 12-14,

12   ¶¶ 36-50.)  Plaintiff also seeks to represent a class of allegedly similarly situated individuals "against

13   whom Defendants have utilized collection agencies and/or debt collection-type practices."  (*Id.*,

14   p. 10, ¶ 27.)  Significantly, in that class, plaintiff includes individuals that, unlike plaintiff, allegedly

15   "paid Defendants in response to the letter notices."  (*Id.*, p. 9, ¶ 25.)  In addition to actual and

16   statutory damages, plaintiff also seeks declaratory and injunctive relief.  (*Id.*, p. 14, Prayer for

17   Relief.)

18              **III.   ISSUES**

19     1.  Is Count I barred because plaintiff failed to allege that State Farm took any act

20   whatsoever either to deceive plaintiff or to direct or control SSB to do the same?  YES

21     2.  Is Count I barred because plaintiff does not reside in Washington and therefore

22   cannot maintain a claim under the WCPA?  YES

23     3.  Does plaintiff fail to state a claim against State Farm for unjust enrichment because

24   she has not alleged that she conferred a benefit on State Farm?  YES

25

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP   - 5 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    4.    Are plaintiff's requests for equitable relief barred because plaintiff has alleged an

2    adequate remedy at law?  YES

3    5.    Does plaintiff lack standing to represent her putative class?  YES

4    6.    Should plaintiff's class allegations be stricken because her individual claims are not

5    typical of the putative class?  YES

6    7.    Is this case unmanageable as a class action because it would require the Court to

7    apply the laws of all 50 states?  YES

8    **IV.   ARGUMENT**

9    Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint

10   where the complaint lacks either a cognizable legal theory or fails to allege sufficient facts to support

11   a cognizable legal theory.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a

12   motion to dismiss, a complaint must contain sufficient factual matter to state a claim that has "facial

13   plausibility."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, a complaint must be

14   dismissed pursuant to FRCP 12(b)(6) where, as here, it fails to plead allegations that would state

15   plausible claims for relief as required under *Twombly*, *supra*, 550 U.S. at 570.

16   **A.    Plaintiff's WCPA Claim Against State Farm Fails for Two Independent Reasons**

17   Plaintiff's WCPA claim fails for two independent reasons:  (1) plaintiff has failed to allege

18   facts sufficient to allow State Farm to be held directly or vicariously liable for the SSB Letters; and

19   (2) the WCPA cannot be applied extraterritorially to the claims of plaintiff, who is a resident of

20   Texas, concerning liability for an automobile accident that occurred in Texas or a letter sent to her in

21   Texas.

22   **1.    State Farm is neither directly nor vicariously liable for plaintiff's alleged injury
        arising from the SSB Letters**

23

24   Plaintiff's WCPA claim against State Farm fails because, upon the facts alleged by plaintiff,

25   State Farm cannot be held either directly or vicariously liable for plaintiff's alleged injury.  State

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP         - 6 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Farm is not directly liable because plaintiff fails to allege that State Farm itself took **any act whatsoever** to deceive plaintiff.  Plaintiff does not allege that State Farm sent any letter to her or communicated with her in any other fashion.  Nor does plaintiff allege that State Farm created or worked with SSB to create the SSB Letters or directed SSB to send them to plaintiff, or even that State Farm had any knowledge of the content of the SSB Letters before they were sent by SSB.  In fact, plaintiff's **only** allegation concerning State Farm and the SSB Letters is that SSB allegedly stated in one of the SSB Letters that State Farm had "assigned this claim to our office to pursue collections against you."  (Dkt. 2, p. 6, ¶ 9.)  But the mere fact that State Farm assigned its subrogation claim to SSB to pursue against plaintiff does not subject State Farm to liability under the WCPA.

This very point was explicitly made clear by the Washington Court of Appeals in *Stephens v. Omni Ins. Co.*, 159 P.3d 10 (Wash. Ct. App. 2007), *aff'd sub nom. Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885 (Wash. 2009).  In *Stephens* — just as in this case — the plaintiff brought a WCPA claim against an insurance company and a collection agency on the basis of an allegedly deceptive collection letter sent by the collection agency in pursuit of a subrogation claim assigned by the insurance company.  *See id.* at 14-16.  The trial court granted a motion for summary judgment on the WCPA claim in favor of the plaintiff against both the collection agency and the insurance company, but on appeal, the insurance company argued that "liability for the letters, if any, should be imposed on" the collection agency only.  *Id.* at 26.  The appellate court agreed, reversing the trial court's summary judgment grant against the insurance company.  *Id.* at 26-27.  In so doing, the appellate court specifically rejected the argument that the mere referral of a subrogation claim to a debt collection agency is sufficient to establish WCPA liability against an insurer:

> [The plaintiff] contends that [the insurance company's] violation of the Act arises
> from its decision to hire a professional debt collector while fully realizing that no debt
> had yet been established.  But the practice of referring a subrogation interest to a debt

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

collector does not by itself have the capacity to deceive a substantial portion of the public.

*Id.* at 26; *see also id.* at 27 ("The mere referral of subrogation claims to [the collection agency] breached no duty.").  The court further rejected the argument that the insurance company was a joint tortfeasor with the collection agency because there was "no evidence of the collaboration or concerted action needed to establish that relationship."  *Id.*  Here, precisely as in *Stephens*, because plaintiff does not allege that State Farm did anything more than "assign[ ]" its subrogation claim to SSB, State Farm simply cannot be held liable for any violation of the WCPA.  Accordingly, Count I against State Farm should be dismissed.

## 2. Plaintiff, a Texas resident, cannot assert a WCPA claim arising from alleged conduct and injuries that did not take place in Washington

Plaintiff's WCPA claim fails for an additional, independent reason:  Plaintiff, who resides in Texas and is not a resident of Washington, cannot maintain a suit under the WCPA arising from alleged conduct and injuries that occurred outside of Washington.  The Washington Supreme Court previously addressed this precise question of whether the WCPA allows a nonresident to bring a claim for events that occurred outside of Washington, and it determined that the WCPA did ***not*** have extraterritorial effect.  *See Schnall v. AT&T Wireless Servs., Inc.*, 225 P.3d 929, 938-39 (Wash. 2010) ("*Schnall I*") (reversing appellate court and reinstating trial court's denial of motion to certify nationwide class action under WCPA).  After *Schnall I*, the Washington Supreme Court granted the plaintiffs' motion to reconsider and withdrew its *Schnall I* opinion.  It thereafter issued a second opinion in which it again refused to certify a nationwide class under the WCPA, but did so without addressing the extraterritoriality question, one way or the other.  *See Schnall v. AT&T Wireless Servs., Inc.*, 259 P.3d 129 (Wash. 2011) ("*Schnall II*").

When faced with a question of state law, a federal court sitting in diversity such as this one must apply the law of the state as determined by its highest court.  *McAtee v. Cap. One, F.S.B.*, 479

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 8 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

F.3d 1143, 1146 (9th Cir. 2007).  Where a state's highest court has not spoken on an issue of state law, a federal court sitting in diversity may ascertain and apply the law as it believes the state's highest court would apply it.  *Percival ex rel. Estate of Wilson v. Gen. Elec. Co.*, 708 F. Supp. 2d 1171, 1173 (W.D. Wash. 2010).  Alternatively, some state supreme courts, including the Washington Supreme Court, will accept and decide questions of state law certified by federal district courts. *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 38 (Wash. 2012)

After *Schnall II*, the Ninth Circuit described "[t]he territorial reach of the" WCPA as "an open question."  *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1091 (9th Cir. 2011).  Despite this, certain judges in this district have since held that the WCPA has extraterritorial reach.  *See Rajagopalan v. NoteWorld, LLC*, 2012 WL 727075, at *5 (W.D. Wash. Mar. 6, 2012) (Settle, J.); *Peterson v. Graoch Assocs. No. 111 Ltd. P'ship*, 2012 WL 254264, at *2 (W.D. Wash. Jan. 26, 2012) (Settle, J.); *Keithly v. Intelius Inc.*, 2011 WL 2790471, at *1 (W.D. Wash. May 17, 2011) (Lasnik, J.).[3]

With all due respect to those federal district court judges who have held otherwise, it is not "clearly determined" that the Washington Supreme Court would apply the WCPA extraterritorially. Even if it did, however, the WCPA would ***not*** apply to State Farm here.  While the majority opinion in *Schnall II* did not discuss the extraterritoriality issue, the dissent argued that the WCPA should apply extraterritorially because Washington had an interest in regulating the conduct of the defendant, AT&T, which was headquartered in Washington.  *Schnall II*, 259 P.3d at 142.  Even accepting this rationale as valid, it would not apply to State Farm, which is an Illinois corporation headquartered in Illinois.  (Dkt. 5, ¶ 2 (Declaration of Jim Larson).)  Indeed, it defies logic that a

---

[3]     Between the time *Schnall I* and *Schnall II* were decided, multiple federal district courts dismissed claims seeking to apply the WCPA extraterritorially based on *Schnall I. See K.S. v. Ambassador Programs, Inc.*, 2010 WL 1629247, at *1-2 (E.D. Wash. Apr. 21, 2010) (Peterson, J.); *Ill. Tool Works, Inc. v. Seattle Safety, LLC*, 2010 WL 4668447, at *11-12 (W.D. Wash. Nov. 8, 2010) (Robart, J.); *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1271 (W.D. Wash. 2011) (Lasnik, J.).

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  Texas plaintiff should be permitted to sue an Illinois corporation under Washington law merely

2  because the plaintiff further alleges that the Illinois corporation hired a Washington collection

3  agency, SSB, to provide services nationwide.  Such a suit against State Farm will have limited if any

4  impact in preventing Washington businesses from "acting in an unfair or dishonest way nationwide,"

5  *Schnall II*, 259 P.3d at 142, and will only encourage State Farm and others to hire collection

6  agencies that are not based in Washington.  In short, even if the court were to find that a nonresident

7  plaintiff can sue under the WCPA according to the reasoning of the *Schnall II* dissent, plaintiff still

8  would not be able to bring a suit against State Farm in this case.

9          In any event, the best evidence available of how the Washington Supreme Court would rule

10  on this issue is its withdrawn opinion in *Schnall I*, which offers a persuasive rationale for why the

11  WCPA should *not* apply extraterritorially.  The *Schnall I* court began by setting forth the general

12  principle that the states have an interest in having their own laws regulate and protect their own

13  residents.  *See* 225 P.3d at 938 (citing 4 Alba Conte & Herbert B. Newberg, *Newberg on Class*

14  *Actions* § 13:37, at 438 (4th ed. 2002)).  That interest is reflected in the text of the WCPA itself,

15  which states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct

16  of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.  As the *Schnall I* Court

17  recognized, the WCPA defines "trade" and "commerce" as "'the sale of assets or services, and any

18  commerce directly or indirectly ***affecting the people of the state of Washington.***'"  225 P.3d at 142

19  (quoting RCW 19.86.010(2)) (emphasis in original).  Moreover, allowing a nonresident to sue under

20  the WCPA for alleged conduct and injuries that took place out of state would surely cause

21  Washington to become the host of nationwide class actions with few or no Washington plaintiffs —

22  a result the Washington Supreme Court was disinclined to allow in both *Schnall* opinions.  *See*

23  *Schnall II*, 259 P.3d at 139 ("A nationwide class action would be unmanageable and unduly

24

25

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 10 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    burdensome on the trial court and the state judicial system and serve no real benefit to plaintiffs who

2    are free to bring statewide class actions in their home states.").

3          The legislative history of the WCPA also supports restricting its application to claims

4    brought by Washington residents.  Originally, there was no private right of action under the WCPA,

5    and only the state's attorney general could bring suit.  *See Indoor Billboard/Wash., Inc. v. Integra*

6    *Telecom of Wash., Inc.*, 170 P.3d 10, 17 (Wash. 2007).  Because the Washington attorney general

7    does not have power outside of the state and may bring actions only "on behalf of persons residing in

8    the state," RCW 19.86.080(1), the private right of action necessarily also must be limited to persons

9    who reside in Washington.  *See Schnall I*, 225 P.3d at 938-39 ("This statutory and jurisdictional

10   limitation cannot be obviated simply because the claimants are private citizens.").  Moreover, and

11   significantly, when provided the opportunity through proposed legislation to amend the WCPA in

12   order to specifically extend the reach of the WCPA and allow nonresident plaintiffs to bring suit (*see*

13   HB 1032 (2011-12); SB 5079 (2011-12)), the Washington Legislature declined to pass the proposed

14   legislation.

15         Here, plaintiff and the harm allegedly suffered by plaintiff have no connection to

16   Washington, and thus plaintiff's WCPA claim should be dismissed.  Plaintiff is a resident of Texas

17   (Dkt. 2, p. 5, ¶ 2), and the accident between her son and the State Farm insured occurred in San

18   Antonio, Texas.  (*Id.* ¶ 6.)  Plaintiff alleges that the allegedly deceptive SSB Letters were addressed

19   and sent by SSB to plaintiff and her son in Texas.  (*Id.*, pp. 6-7, ¶¶ 9-13.)  Moreover, any harm

20   allegedly suffered by plaintiff also took place solely in Texas.  (*See id.*, p. 9, ¶ 20 (alleging that

21   plaintiff purchased a credit monitoring program); *id.* ¶ 21 (alleging plaintiff consulted with legal

22   counsel).)  Thus, plaintiff simply has not alleged that the conduct that supposedly violated the

23   WCPA "affect[ed]" any resident of the state of Washington, and plaintiff's WCPA claim therefore

24   should be dismissed.  *Schnall I*, 225 P.3d at 938.

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Finally, plaintiff's attempt to apply the WCPA extraterritorially under the facts of this case — where both plaintiff and State Farm are citizens of other states, the underlying claim arose in Texas, and the overwhelming majority of putative class members reside in other states — threatens to do violence to Constitutional principles.  First, the Due Process and Full Faith and Credit Clauses of the U.S. Constitution require that, "for a State's substantive law to be selected [and applied to a particular case] in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814-18, 823 (1985) (holding that it was unconstitutional to apply Kansas law to every claim in a class action where 97 percent of the plaintiffs did not have a connection to Kansas and where Kansas law conflicted with the laws of other states with a more significant relationship to the dispute).  The choice of Washington law to apply to the claims of more than 25,000 non-Washington putative class members and non-Washington defendant State Farm would violate these principles.  Second, "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).  Again, the application of the WCPA's treble-damages remedy under the circumstances of this case involving an overwhelming number of non-Washington putative class members and non-Washington defendant State Farm would violate these principles.  "A State cannot punish a defendant for conduct that may have been lawful where it occurred" and does not "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction."  *Id.* at 421.  The application of the WCPA to claims by putative class members with no connection to Washington would be particularly arbitrary and fundamentally unfair to State Farm, which, as an insurer, is exempt from claims under the consumer fraud statutes

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP            - 12 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

of many other states.[4]  Given these constitutional concerns, basic principles of statutory construction require that the WCPA be interpreted so as *not* to apply extraterritorially.  *See, e.g.*, *United States v. Int'l Union United Auto., Aircraft & Agr. Implement Workers of Am. (UAW-CIO)*, 352 U.S. 567, 589 (1957) (describing "'the cardinal rule of construction, that where the language of an act will bear two interpretations, equally obvious, that one which is clearly in accordance with the provisions of the Constitution is to be preferred'") (quoting *Knights Templars' & Masons' Life Indem. Co. v. Jarman*, 187 U.S. 197, 205 (1902)).

Alternatively, to the extent the Court is uncertain how the Washington Supreme Court would decide the extraterritoriality issue, State Farm respectfully requests that the Court certify the question of extraterritoriality to the Washington Supreme Court pursuant to RCW 2.60.020.  Courts favor certification under these circumstances because it "save[s] time, energy, and resources and helps build a cooperative judicial federalism."  *Toner for Toner v. Lederle Labs., Div. of Am. Cyanamid Co.*, 779 F.2d 1429, 1432 (9th Cir. 1986).  Certification would be particularly appropriate here, where, as noted above, the Ninth Circuit has stated that whether or not the WCPA has extraterritorial reach is an "open question."  *Red Lion Hotels*, 663 F.3d at 1091.

**B.    Plaintiff's Unjust Enrichment Claim Against State Farm Fails Because Plaintiff Cannot Plead that She Conferred any Benefit on State Farm**

Count II should be dismissed because plaintiff cannot maintain a claim for unjust enrichment against State Farm.  Specifically, plaintiff cannot plead the first element of an unjust enrichment claim: that any benefit was conferred by plaintiff on State Farm.

To state a claim for unjust enrichment, a plaintiff must allege three elements:

(1) There must be a benefit conferred on one party by another; (2) the party receiving the benefit must have an appreciation or knowledge of the benefit; and (3) the receiving party must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value.

---

[4]      *See, e.g.*, Fla. Stat. ch. 501.212(4) (Florida); Md. Law Ann., Commercial Law § 13-104(1) (Maryland); Va. Code Ann. § 59.1-199(D) (Virginia); Wis. Stat. § 100.18(12)(a) (Wisconsin).

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

*Pierce Cnty. v. State*, 185 P.3d 594, 619 (Wash. Ct. App. 2008). *See also Molander v. Raugust-Mathwig, Inc.*, 722 P.2d 103, 108 (Wash. Ct. App. 1986) ("Justice does not require restitution where no benefit passes."). For example, in *Taylor v. Bank of America, N.A.*, the plaintiff's unjust enrichment claim was dismissed where it was based on a valueless "tender" of $540,000 made by the plaintiff to the defendant bank. 2014 WL 1418321, at *1, 4 (E.D. Wash. Apr. 14, 2014) (applying Washington law). The "tender," an attempt to satisfy the plaintiff's mortgage, was in the form of a "sham" money order, purporting to be drawn from the U.S. Treasury, and did not have any "legal value." *Id.* at *4. Because the "tender" held no value, the court dismissed the unjust enrichment claim with prejudice as the plaintiff had "failed to plausibly allege that she conferred a benefit upon any Defendant." *Id.* at *4. *See also Gremp v. Ramsey*, 2009 WL 112674, at *9 (W.D. Wash. Jan. 14, 2009) (dismissing unjust enrichment claim because "[t]here was never any benefit provided by Plaintiffs . . . nor did Defendants receive any benefit from Plaintiffs"); *PlastWood SRL v. Rose Art Indus., Inc.*, 2007 WL 3129589, at *8 (W.D. Wash. Oct. 23, 2007) (stating that plaintiff failed to state a claim when it "pleaded no facts establishing that it conferred a benefit upon [defendant], that [defendant] knew of such benefit, or that [defendant's] acceptance or retention under the circumstances [was] inequitable").

In this case, as her basis for injury, plaintiff alleges that she took only two acts in response to the SSB Letters: (1) she purchased a credit monitoring program; and (2) she consulted with legal counsel. (Dkt. 2, p 9 ¶¶ 20-21.) Neither of those acts conceivably provided any benefit whatsoever *to State Farm*. Crucially, plaintiff does not — because she cannot — allege that she remitted payment to either State Farm or SSB. Thus, plaintiff has failed to plead the first element of an unjust enrichment claim, that she conferred a benefit on State Farm. Accordingly, plaintiff's unjust enrichment claim fails and should be dismissed.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**C.**     **Plaintiff's Requests for Declaratory and Injunctive Relief Should be Dismissed Because Plaintiff has an Adequate Remedy at Law in the Form of Damages**

The Complaint also improperly requests declaratory and injunctive relief (Dkt. 2, pp. 13, 14, ¶ 47, and Prayer, ¶ ¶ b, c and d), and should be dismissed because plaintiff has an adequate remedy at law in the form of the monetary damages she simultaneously seeks.  Both Washington and federal courts do not allow for equitable relief "where there is a plain, complete, speedy and adequate remedy at law."  *Kucera v. State Dep't of Transp.*, 995 P.2d 63, 68 (Wash. 1976); *United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir. 1993) ("The claimant therefore had an adequate remedy at law precluding exercise of the district court's equitable powers."); *Thompson v. Wilson*, 175 P.3d 1149, 1156 (Wash. Ct. App. 2008) (affirming dismissal of declaratory judgment action because there was an adequate remedy at law available).  A remedy is inadequate only if "(1) the injury complained of by its nature cannot be compensated by money damages, (2) the damages cannot be ascertained with any degree of certainty, and (3) the remedy at law would not be efficient because the injury is of a continuing nature."  *Kucera*, 995 P.2d at 69.

Here, none of the elements set forth in *Kucera* are satisfied by plaintiff.  The Complaint describes plaintiff's harm as the expenses she alleges to have incurred enrolling in a credit monitoring program and retaining legal counsel.  (Dkt. 2, p. 9 ¶ ¶ 20-21.)  Plaintiff's alleged harm thus is in the form of readily quantifiable expenses, and indeed, plaintiff simultaneously seeks monetary damages to recoup those alleged losses.  (*Id.*, p. 14, Prayer ¶ ¶ d, e.)  Moreover, plaintiff's alleged injury is not continuing in nature, as plaintiff alleges that the last letter she received from SSB was sent over a year ago, on or around July 19, 2013.  (*Id.*, p. 7, ¶ 11.)  Thus, plaintiff's requests for declaratory and injunctive relief are improper and should be dismissed.  *See, e.g.*, *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 870-72 (W.D. Mo. 2012) (dismissing claims for declaratory and injunctive relief because the plaintiff had an adequate remedy at law in the form of monetary damages).

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 15 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**D.      Motion to Strike Plaintiff's Class Action Allegations**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "from any pleading . . . any redundant, immaterial, impertinent or scandalous matter."  Further, Rule 23(c)(1)(A) prescribes that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Rule 23(d)(1)(D) specifically permits the court to issue an order that "require[s] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking class allegations where it was "not clear that a nationwide class action is the 'superior' method for adjudication of rights"); *see also Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274, 1279-81 (W.D. Wash. 2012) (granting motion to strike class allegations on the pleadings); *Davis v. Wells Fargo Advisors LLC*, 2014 WL 1370278, at *6-7 (D. Ariz. Apr. 8, 2014) (same).

Here, as set forth below, there are three grounds for striking plaintiff's class action allegations:  (1) plaintiff lacks standing to represent the putative class; (2) plaintiff's claims are not typical of the putative class; and (3) plaintiff's proposed nationwide class action would be unmanageable.

**1.      Plaintiff lacks standing to represent the putative class**

First, plaintiff's class allegations against State Farm should be stricken because the plaintiff's individual claims against State Farm fail, thereby causing plaintiff to lack standing to represent her putative class with respect to such claims.  Before a court makes a class determination, a putative class-action complaint should be dismissed if the named plaintiff does not have standing.  *O'Shea v. Littleton*, 414 U.S. 488, 494 n.3 (1974).  The "case or controversy" threshold for Article III standing

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 16 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

requires that the plaintiff "allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." *Id.* at 493 (quotation omitted). Thus, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Id.* at 494.

Courts consider only the claims of the named plaintiff when deciding whether a plaintiff has standing to bring a class action suit. *Daley's Dump Truck Serv., Inc. v. Kiewit Pac. Co.*, 759 F. Supp. 1498, 1501 (W.D. Wash. 1991) ("The only plaintiffs whose claims may be considered in deciding whether plaintiffs have standing to bring this lawsuit are the named plaintiffs."), *aff'd sub nom. Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303 (9th Cir. 1992). Plaintiffs "must allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)) (emphasis in original). The named plaintiffs must "demonstrate the requisite case or controversy between themselves *personally*" and the defendant in order to seek relief on behalf of a class. *Warth*, 422 U.S. at 502 (emphasis added).

As the Ninth Circuit has said: "'If the individual plaintiff lacks standing, the court need never reach the class action issue.'" *Lieboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 Herbert B. Newberg on Class Actions § 3:19, at 400 (4th ed. 2002)). In *Lieboe*, for example, after finding that the named plaintiff did not have a claim, the Ninth Circuit vacated the class certification and remanded the case to the district court with instructions to dismiss. 350 F.3d at 1023; *see also Stanford v. Home Depot U.S.A., Inc.*, 2008 WL 7348181, at *6 (S.D. Cal. May 27, 2008) (explaining that "[a]bsent standing of the putative class representative, the court cannot reach the merits of the claims," and that failure to satisfy Article III requirements should lead to dismissal for lack of subject matter jurisdiction), *aff'd*, 358 F. App'x 816 (9th Cir. 2009).

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 17 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Similarly, in *Daley's Dump Truck*, the named plaintiffs alleged that the defendants violated the Racketeer Influenced and Corrupt Organizations Act through a scheme to avoid mandatory programs for minority- and women-owned businesses, and claimed that the putative class had lost business opportunities as a result. 759 F. Supp. at 1502. The court held that the named plaintiffs did not have standing because they failed to allege that the named plaintiffs specifically (as opposed to the putative class members) "were qualified for, or bid on, any of the thirteen named projects at issue." *Id.* Thus, the named plaintiffs had failed to "allege a personal stake" in the controversy, and the class claims were dismissed for lack of standing. *Id.*

In this case, as established above, the named plaintiff's claims under the CPA and for unjust enrichment fail and should be dismissed. Thus, plaintiff lacks standing to represent her putative class with respect to such claims. *See O'Shea*, 414 U.S. at 494. Moreover, plaintiff cannot attempt to remedy the failures in her own, individual claims by alleging that "injury has been suffered by other, unidentified members of the class." *Daley's Dump Truck*, 759 F. Supp. at 1501. Rather, the focus is strictly on plaintiff's own claims, which fail under the facts alleged in plaintiff's Complaint. Accordingly, because plaintiff lacks standing to represent her putative class, plaintiff's class allegations should be struck and the entire suit should be dismissed as lacking subject matter jurisdiction. *See Lieboe*, 350 F.3d at 1023; *Stanford*, 2008 WL 7348181, at *6.

### 2.   Plaintiff's claims are not typical of the putative class

Second, even if one of plaintiff's individual claims were to survive dismissal, plaintiff's class allegations should be stricken because plaintiff's individual claims are not typical of the putative class. To maintain a class action, the plaintiff must, among other things, meet the four requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. To show typicality — that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed R. Civ. P. 23(a)(3) — "[t]he putative class

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 18 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   representative must demonstrate he or she is in fact a member of the class sought to be certified."

2   *Stanford*, 2008 WL 7348181, at *6 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).

3   As part of this inquiry, "the court analyzes 'whether other members have the same or similar injury,

4   whether the action is based on conduct which is not unique to the named plaintiffs, and whether

5   other class members have been injured by the same course of conduct.'" *J.T. v. Regence BlueShield*,

6   291 F.R.D. 601, 612 (W.D. Wash. 2013) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508

7   (9th Cir. 1992)).  Class certification is not appropriate if the "representative's claims are subject to

8   unique defenses that threaten to attract the focus of the litigation." *Id.*  Moreover, a plaintiff who

9   lacks standing to bring a lawsuit individually cannot meet the typicality requirement.  *See, e.g.*,

10  *Daley's Dump Truck*, 759 F. Supp. at 1501 (citing 1 H. Newberg, Newberg on Class Actions, (2d ed.

11  1985) § 2.07 at 56).

12          Here, plaintiff's claims are not typical of the class she seeks to represent because plaintiff

13  alleges that she — unlike other members of her putative class (Dkt. 2, p. 13-14,. ¶ 49) — did ***not***

14  remit any payment in response to the SSB Letters.  That distinction destroys plaintiff's ability to

15  establish the typicality element of Rule 23(a).  For example, in *Stearns v. Ticketmaster Corp.*, the

16  Ninth Circuit upheld the district court's denial of class certification on typicality grounds where the

17  named plaintiffs sought to represent a class of individuals allegedly deceived into joining a rewards

18  program, but the named plaintiffs themselves admitted they had not been deceived into joining the

19  program.  *See* 655 F.3d 1013, 1019 (9th Cir. 2011) ("[B]ecause [the named plaintiff] insisted that he

20  was not really deceived into joining the Entertainment Rewards program and, indeed, decided that he

21  would not do so, . . . he is not at all typical of the proposed class."); *id.* ("[The second named

22  plaintiff] never saw the site or signed up for the program, and does not really know how his son did

23  so; he too is far from typical of the class.").  Similarly, in *Regence BlueShield*, the court held that the

24  claims of one of the named plaintiffs were not typical in a suit alleging violations of various

25

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP            - 19 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   insurance statutes because the named plaintiff's alleged health prognosis — which was not typical of

2   the putative class members — affected her insurance eligibility.  291 F.R.D. at 612.  Accordingly,

3   the court held that the named plaintiff lacked standing to pursue the claim on behalf of the putative

4   class.  *Id.*

5   Beyond the fact that plaintiff did not remit any payment in response the SSB Letters,

6   plaintiff's WCPA claim is also subject to the "unique" extraterritoriality defense because —

7   presumably unlike some members of the plaintiff's putative class — plaintiff is not a Washington

8   resident.  *Id.*  That likewise defeats any argument that plaintiff can establish typicality on the facts

9   alleged in the Complaint.  *Id.*  Accordingly, because plaintiff's claims are not typical of the putative

10   class she seeks to represent, plaintiff's class allegations should be stricken.

11   **3.      Plaintiff's proposed nationwide class action would be unmanageable**

12   Should the Court grant State Farm's motion to dismiss based on its extraterritoriality

13   argument, insurmountable choice-of-law issues will prevent plaintiff from amending her complaint.

14   *See Schnall II*, 259 P.3d at 134-36 (upholding trial court's refusal to certify a nationwide class and

15   citing Rory Ryan, *Uncertifiable?:  The Current Status of Nationwide State-Law Class Actions*,

16   54 Baylor L. Rev. 467, 470 (2002)).  Here, the potential class involves more than 26,000 claims —

17   only 702 of which involve Washington state policies — in all 50 states.  *See* Dkt. 3, (Fuchs Removal

18   Dec.) p. 2, ¶¶ 3-4.

19   In *Schnall II*, the court said that even when a putative class action meets the other

20   requirements of Rule 23, the choice of law question can "'make or break certification.'"  259 P.3d at

21   135 (quoting Ryan, *supra*, at 474)).  Because the putative class includes members in all 50 states, the

22   Court could eventually be faced with the "'impossible task of instructing a jury on the relevant law'"

23   in all 50 states.  *Id.* (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir,. 1996)); *see also*

24   *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) ("The district court thus

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

concluded that there was no manageable trial plan adequate to deal with individualized issues and variances in state law.  We find no abuse of discretion in this respect."), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001); *Duncan v. Nw. Airlines, Inc.*, 203 F.R.D. 601, 613 (W.D. Wash. 2001) (denying certification because "[t]his case would implicate the laws of Washington, Michigan, Minnesota, Illinois and New York").  Further, the *Schnall II* court also noted that "Washington has limited interest in seeing telephone contracts executed by AT&T representatives in other states with citizens of those states examined and adjudicated in Washington courts."  259 P.3d at 136.  Similarly, Washington has little interest in adjudicating claims arising in all 50 states against State Farm, an Illinois corporation, in this state.  For these reasons, plaintiff's nationwide class allegations must be stricken.

## V.   CONCLUSION

For all the foregoing reasons, defendant State Farm Mutual Automobile Insurance Company respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice.  Further, to the extent that any of plaintiff's individual claims survive the Motion to Dismiss, defendant State Farm Mutual Automobile Insurance Company respectfully requests that this Court strike the class action allegations in the Complaint.

A proposed order is attached.

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP        - 21 -
727717.1/102314 1044/77540326

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    DATED this 23rd day of October, 2014.

2                                           BETTS, PATTERSON & MINES, P.S.

3

4                                           By___/s Joseph D. Hampton_____
                                            By___/s Daniel L. Syhre_____
5                                              Joseph D. Hampton, WSBA #15297
                                               Daniel L. Syhre, WSBA #34158
6                                           Betts, Patterson & Mines, P.S.
                                            One Convention Place, Suite 1400
7                                           701 Pike Street
                                            Seattle WA  98101-3927
8                                           Telephone:   (206) 292-9988
                                            Facsimile:   (206) 343-7053
9                                           E-mail:      jhampton@bpmlaw.com
                                            E-mail:      dsyhre@bpmlaw.com
10

11                                          WINSTON & STRAWN LLP

12

13                                          By___/s Thomas J. Frederick_____
                                            By___/s Neil M. Murphy_____
14                                             Thomas J. Frederick (*pro hac vice* pending)
                                               Neil M. Murphy (*pro hac* pending)
15                                          Winston & Strawn LLP
                                            35 West Wacker Drive
16                                          Chicago, IL  60601
                                            (312) 558-5600
17                                          E-mail:      TFrederi@winston.com
                                            E-mail:      NMurphy@winston.com
18

19                                          Attorneys for Defendant State Farm Mutual
                                            Automobile Insurance Company
20

21

22

23

24

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

## CERTIFICATE OF SERVICE

2          I, Joseph D. Hampton, hereby certify that on October 23, 2014, I electronically filed the

3    following:

4          •     **Defendant State Farm Mutual Automobile Insurance Company's Motion To
                 Dismiss And Motion To Strike; and**

5

6          •     **Certificate of Service;**

7    with the Court using the CM/ECF system which will send notification of such filing to the

8    following:

9          *Counsel for Plaintiff*:            *Counsel for Defendant SSB*:
           Michael Murphy                      Jeffrey I. Hasson

10         Bailey & Glasser LLP                Davenport & Hasson LLP
           910 - 17th Street NW, Suite 800     12707 NE Halsey Street

11         Washington, DC  20006-2606          Portland, OR  97230-2343

12         DATED this 23rd day of October, 2014.

13                                              BETTS, PATTERSON & MINES, P.S.

14

15                                              By   /s Joseph D. Hampton
                                                By   /s Daniel L. Syhre

16                                                  Joseph D. Hampton, WSBA #15297
                                                    Daniel L. Syhre, WSBA No. 34158

17                                              Betts, Patterson & Mines, P.S.

18                                              One Convention Place, Suite 1400
                                                701 Pike Street

19                                              Seattle WA  98101-3927
                                                Telephone:   (206) 292-9988

20                                              Facsimile:   (206) 343-7053
                                                E-mail:      jhampton@bpmlaw.com

21                                              E-mail:      dsyhre@bpmlaw.com
                                                Attorneys for Defendant State Farm Mutual

22                                              Automobile Insurance Company

23

24

25

STATE FARM'S MOTION TO DISMISS AND
MOTION TO STRIKE - No. 2:14-cv-01601-MJP          - 23 -
727717.1/102314 1044/77540326
                                                              Betts
                                                              Patterson
                                                              Mines
                                                              **One Convention Place**
                                                              Suite 1400
                                                              701 Pike Street
                                                              Seattle, Washington 98101-3927
                                                              (206) 292-9988