Michael L. Murphy, WSBA #37481
James L. Kauffman, *Pro Hac Vice*
BAILEY GLASSER LLP
910 17th Street, N.W., Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
mmurphy@baileyglasser.com
jkauffman@baileyglasser.com

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| SANDRA C. THORNELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE SERV. BUREAU, INC. d/b/a NATIONAL SERV. BUREAU, INC. and STATE FARM MUT. AUTO INS. CO.,<br><br>Defendants. | Case No. 2:14-cv-01601-MJP<br><br>Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Strike and Memorandum in Support<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 19, 2014**<br>**(CLERK'S ACTION REQUIRED)** |



# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................. i

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE............................................ 1

I.      INTRODUCTION ................................................................................................................. 1

II.     BACKGROUND ................................................................................................................... 3

III.    ARGUMENT ........................................................................................................................ 5

        A.   Applicable Legal Standards.......................................................................................... 5

        B.   The Complaint supports claims against State Farm for violating the WCPA............................. 6

        1.   State Farm is liable on the WCPA claims because the facts demonstrate actual or apparent
             authority ........................................................................................................................ 7

        2.   State Farm is liable on the WCPA claims because the facts support a reasonable inference that
             State Farm acted in concert with SSB .......................................................................... 9

        3.   State Farm is liable on the WCPA claims because the facts demonstrate ratification.............. 11

        4.   State Farm's motion recognizes that the WCPA can be applied to non-Washington residents 12

        C.   The Complaint supports claims against State Farm and SSB for unjust enrichment and other
             equitable relief. ......................................................................................................... 14

        D.   State Farm's motion to strike class allegations is premature. ................................................. 16

IV.     CONCLUSION ................................................................................................................... 18



**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................ 6

*Astiana v. Ben & Jerry's Homemade, Inc.,* Nos. C 10–4387 PJH, C 10–4937 PJH, 2011 WL 2111796
(N.D. Cal. 2011) ........................................................................................ 17

*Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wash.App. 151, 160, 810 P.2d 12 (Wash Ct. App.
1991) ...................................................................................................... 14

*Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 2012 WL 3517326 (Wash. Aug.16, 2012) ..................... 7

*Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274 (W.D. Wash. 2012) ................................... 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 6

*Blake Sand & Gravel, Inc. v. Saxon*, 98 Wash. App. 218, 989 P.2d 1178 (Wash.Ct.App.1999) ............. 8

*Clark v. State Farm Mut. Auto. Ins. Co.,* 231 F.R.D. 405 (C.D.Cal.2005) ............................. 17

*Coe v. Philips Oral Healthcare Inc.*, No. C13-518 MJP, 2014 WL 5162912
(W.D. Wash. Oct. 14, 2014) .......................................................................... 13

*Consumers Ins. Co. v. Cimoch*, 69 Wash.App. 313, 323, 848 P.2d 763 ( Wash. Ct. App. 1993) ........... 11

*Firemen's Annuity & Benefit Fund of City of Chicago v. Mun. Employees', Officers', & Officials' Annuity
& Ben. Fund of Chi.*, 219 Ill. App. 3d 707, 579 N.E.2d 1003 (Ill. App. Ct.1991) ................... 14

*Hartman v. United Bank Card Inc.*, No. C11-1753JLR, 2012 WL 4758052 (W.D. Wash. Oct. 4, 2012) . 8

*Hoglund v. Meeks*, 139 Wash.App. 854, 170 P.3d 37 (Wash. Ct. App. 2007) .......................... 7, 8

*Jackson v. Carey*, 353 F.3d 750 (9th Cir.2003) .......................................................... 6

*Keithly v. Intelius Inc.,* 2011 WL 2790471 (W.D. Wash. May 17, 2011) ............................. 2, 12

*Kelley v. Microsoft*, 251 F.R.D. 544 (W.D. Wash. 2008) ........................................ 12, 13, 14

*King v. Riveland*, 125 Wash.2d 500, 886 P.2d 160 (Wash. 1994) ........................................ 7

*Kucera v. State, Dep't of Transp.,*140 Wash. 2d 200, 995 P.2d 63 (Wash. 2000). .................... 16

*Larson v. Bear*, 38 Wash.2d 485, 230 P.2d 610 (Wash. 1951) ........................................... 8

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005) .................... 6

*Martin v. Twin City Fire Ins. Co.,* No. 08-5651RJB, 2009 WL 902072
(W.D. Wash. Mar. 31, 2009) ...................................................................... 16, 17



910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

1  *McGinnis v. T-Mobile USA, Inc.*, 2008 WL 4772127 (W.D. Wash. Oct. 30, 2008)................................. 12

2  *Mohr v. Sun Life Assurance Co. of Can.*, 198 Wash. 602, 89 P.2d 504 (Wash.1939)............................. 8

3  *Nichols Hills Bank v. McCool*, 104 Wash. 2d 78, 701 P.2d 1114 (Wash.1985)...................................... 11

4  *Peterson v, Groach Assocs. No. 111 Ltd. P'ship*, 2012 WL 254264 (W.D. Wash. Jan. 26, 2012) ...... 2, 12

5  *Rajagopalan v. NoteWorld,* 2012 WL 727075 (W.D. Wash. Mar. 6, 2012)........................................ 2. 12

6  *Rajagopalan v. NoteWorld,* 718 F.3d 844 (9th Cir. 2013)......................................................... 12

7  *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168 (S.D. Cal. 2012) ..................................... 17

8  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................. 17

9  *Schlosser v. Welk*, 193 Ill.App.3d 448, 550 N.E.2d 241 (Ill. App. Ct. 1990) ........................... 14

10  *Schnall v. AT & T Wireless Servs., Inc.*, 139 Wash. App. 280, 161 P.3d 395 (Wash. Ct. App. 2007)..... 12

11  *Schnall v. AT&T Wireless Servcs., Inc.*, 225 P.3d 929 (Wash. 2010)....................................... 12

12  *Schnall v. AT&T Wireless Servcs., Inc.*, 258 P.3d 129 (Wash. 2011)........................................ 12

13  *Siebrand v. Gossnell*, 234 F.2d 81 (9th Cir. 1956) .................................................... 9

14  *Smith v. Hansen, Hansen, & Johnson, Inc.*, 63 Wash. App. 355, 818 P.2d 1127 (Wash. Ct. App. 1991) . 8

15  *Stephens v. Omni Ins. Co.*,159 P.3d 10 (Wash. Ct. App. 2007)................................................. 1

16  *Thola v. Henschell*, 140 Wash. App. 70, 164 P.3d 524 (2007) ........................................ 11

17
18  *United Steel Workers Local 12-369 v. United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union*, No. CV-07-5053-RHW, 2009 WL 3332997 (E.D. Wash. Oct. 14, 2009)............................................................................................ 9,10

19  *Unruh v. Cacchiotti*, 257 P.3d 631 (Wash. 2011)................................................................. 7

20  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658 (9th Cir.1998) ...................................... 6, 7, 10

21  **Statutes**

22  Washington Consumer Protection Act, RCW § 19.86.010 *et seq*. ("WCPA") ....................passim

23  **Other Authorities**

24  Restatement (Second) of Agency § 26 (1958) ..............................................................8

25  Restatement (Second) of Agency § 82 (1958) ............................................................11

26



Restatement (Second) of Agency § 94 (1958) ...................................................................11

Restatement (Third) of Agency §§ 2.01, 2.03, 4.01(2006) ...........................................11

**Rules**

Fed. R. Civ. P. 8(a)(2) .......................................................................................................13

Fed. R. Civ. P. 12(b)(6) ................................................................................................6, 18

Fed. R. Civ. P. 12(f) .............................................................................................................9

Fed. R. Civ. P.15(a)(2) .........................................................................................................6

**BAILEY GLASSER LLP**
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**

Plaintiff, through counsel, opposes defendants State Farm Mutual Automobile Insurance Company's ("State Farm") and Seattle Service Bureau Inc.'s ("SSB") motions to dismiss because the Complaint sufficiently states claims against both Defendants for violations of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.* ("WCPA") and for unjust enrichment. Defendants' motions to strike are premature. Plaintiff filed a motion to remand on November 14, 2014 (DE #15) and does not concede that this matter was properly removed by State Farm to this Court. Should the Court grant Plaintiff's motion to remand, the Court would lack jurisdiction and need not address either Defendants' motions to dismiss or motions to strike.

## I.    INTRODUCTION

Unlike the authorities cited by State Farm, which were uniformly decided at the summary judgment phase, the allegations of the Complaint need only be facially plausible in order to support the two claims stated. The facts pled in the Complaint are, at the least, facially plausible to demonstrate vicarious liability by State Farm for violations of the WCPA, unjust enrichment claims against Defendants, and declaratory and/or injunctive relief. Further, State Farm acknowledges in its own motion that district courts in this State have applied the WCPA to non-Washington residents under similar circumstances where the acts complained upon were committed by a Washington corporation in Washington.

State Farm's attempt to use Washington law as a shield to its vicarious liability for SSB's violation of the WCPA is founded neither in law nor the facts of this case. The central case cited by State Farm, *Stephens v. Omni Ins. Co.*, 159 P.3d 10 (Wash. Ct. App. 2007), reversed summary judgment in favor of a plaintiff, based on a *fully-developed* record *after* the

completion of discovery where the plaintiff failed to refute the evidence offered by the insurance company. The *Stephens* analysis is not yet applicable here. Plaintiff has not conducted any discovery and has the benefit of all inferences to be made from the pled facts that support several different legal theories of vicarious liability, including SSB holding itself out as State Farm's agent in the letters sent to Plaintiff, allegations that State Farm participated in the collection practices, and facts that show State Farm ratified SSB's actions by accepting millions of dollars in collections. *See* Compl. ¶¶ 9-25, 37-43, 59; DE #3, Decl. of John Fuchs, ¶ 3. State Farm's motion to dismiss the WCPA claim should be denied.

While simultaneously invoking Washington law to argue against vicarious liability, State Farm claims that the application of Washington law violates its federal constitutional due process rights. As State Farm recognizes in its motion, however, district courts in this State have held that the WCPA can be applied extraterritorially to businesses that commit WCPA violations within this State. *See* State Farm Mot. at 9 (citing *Rajagopalan v. NoteWorld,* 2012 WL 727075, at *5 (W.D. Wash. Mar. 6, 2012); *Peterson v, Groach Assocs. No. 111 Ltd. P'ship*, 2012 WL 254264 at *2 (W.D. Wash. Jan. 26, 2012; *Keithly v. Intelius Inc.,* 2011 WL 2790471, at *1 (W.D. Wash. May 17, 2011). State Farm's motion to dismiss on due process grounds should be denied because plaintiffs outside Washington can invoke the WCPA to remedy the conduct of Washington businesses occurring substantially within Washington.

State Farm's attack on Count II, the unjust enrichment claim, is not proper because State Farm admits it collected millions of dollars through SSB, at least a portion of which is the result of collection efforts that violate the WCPA for the reasons alleged in the Complaint. The fact that Plaintiff was not duped into paying State Farm a bogus "amount due" does not mean that Plaintiff cannot seek the equitable disgorgement of the ill-gotten benefit collected by State Farm.



910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

Plaintiff, like the rest of the class she seeks to represent, received deceptive collection demand letters and is in the group of individuals for whom the benefit should rightfully inure. And, Plaintiff's requests for other equitable relief – declaratory and injunctive – are well founded because there is continuing harm suffered from the Defendants' illegal collection efforts that cannot be remedied by monetary damages alone.

Finally, State Farm's attempt to dispute the class allegations in the guise of a motion to strike is premature and does not meet its substantial burden for such a motion– namely that the allegations of the Complaint are redundant, immaterial, impertinent or scandalous and should be stricken from the record. State Farm's motion is nothing more than a thinly-veiled attempt to prematurely wade into class certification issues long before the parties have conducted any discovery, exchanged initial disclosures, or even discussed a schedule for briefing class certification.  Plaintiff's class allegations cannot be properly categorized as "redundant, immaterial, impertinent, or scandalous." Therefore, State Farm's motion to strike, and insofar as SSB joins in the motion, should be denied.

## II.     BACKGROUND

This case was originally filed on September 14, 2014, in the Superior Court for the State of Washington for King County. Plaintiff's Complaint names two Defendants: (1) Seattle Service Bureau, Inc. d/b/a National Service Bureau, Inc.; and (2) State Farm Mutual Auto Insurance Co. Defendant SSB, which does business as National Service Bureau, Inc., advertises subrogation and insurance recovery services in a wide variety of areas including promissory notes, medical/PIP, arbitrations, statutes of limitations, property damage, and shared liability. *See* Ex. 1, Services Subrogation and Insurance Recovery, *available at* www.nsbi.net/insurance -

**BAILEY GLASSER LLP**
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

collections (last visited Dec. 5, 2014). Defendant State Farm is a for-profit mutual insurance company that is the largest automobile insurer in the United States.

The Complaint asserts  claims under the WCPA and unjust enrichment.  The Complaint seeks class action status under CR 23.  *See* Notice of Removal By Def. State Farm Mut. Auto Ins. Co. ("Notice of Removal"), Ex. A (Compl.) (D.E. 1) (Oct. 17, 2014).  Here, the violations concern three consecutive attempts to collect an unliquidated "debt" from Plaintiff by both Defendants. The first collection demand letter identifies SSB as the "debt collector" demanding payment for an amount due to State Farm. Compl. ¶ 9. The first letter also contained a "detach and return" payment slip which purportedly remits any amount paid to State Farm, who is identified as the "creditor." Compl. ¶¶ 9-10. The second collection demand letter repeated the statements in the first letter and was described the correspondence as a "5-Day Notice" for the collection of the "balance due." Compl. ¶ 9. Purportedly, the second letter was a demand by SSB and State Farm to collect the amount due within 5 days. *Id.* The third demand letter again identified State Farm as the "creditor" and was a "Final Notice" with an amount due described that "must be paid by 07/29/13." Compl. ¶ 11. And the third demand letter contained a "detach and return" payment slip which purportedly remits any amount paid to State Farm, who is identified as the "creditor." Compl. ¶ 11.

State Farm has mischaracterized the facts pled in the Complaint by making an overreaching and incorrect statement that Plaintiff only alleges that State Farm "assigned" its claim to SSB and nothing more. *See* State Farm Mot., *passim. First*, the Complaint alleges that State Farm and SSB knew the claimed "Amounts Due" was not a liquidated debt subject to collection. Compl. ¶ 16. *Second*, the Complaint alleges that State Farm and SSB acted together in the collection of the debt, and repeated described the collection efforts as made collectively



by the "Defendants" not just SSB. *See* Compl. ¶¶ 16-24. *Third*, SSB identified itself as State

Farm's collection agent in each of the three letters and State Farm did nothing to refute this

agency. *See* Compl. ¶¶ 9-13. *Fourth*, State Farm accepted payments from SSB as a result of the

illegal and improper collection activities. *See* Compl. ¶49. This allegation is confirmed by State

Farm's employee, John Fuchs, who stated that State Farm accepted $6,352,194 from SSB

within the last four years. *See* DE #3, Decl. of John Fuchs, ¶ 3. Here, the claims are asserted on

behalf of:

> All persons against whom Defendants have utilized collection agencies and/or debt
> collection-type practices in seeking to recover amounts to which Defendants claim
> entitlement as a result of a subrogated interest arising from payment of a casualty
> claim, where the alleged amount due has not been reduced to a judgment**.**

Compl. ¶ 27. The Complaint alleges sufficient and plausible facts that State Farm participated in

the collection activities, employed SSB to serve as its agent, or ratified SSB's acts by accepting

the monies from the illegal collection acts.

Defendant State Farm was served with the Complaint and Summons on September 19,

2014. State Farm filed a Notice of Removal on October 17, 2014. Plaintiff filed a Motion to

Remand on November 14, 2014 and Defendants' response is due December 14, 2014. The

Motion to Remand will be fully briefed and noted on January 16, 2015.

### III.     ARGUMENT

#### A.     Applicable Legal Standards

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain

statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

**BAILEY GLASSER** LLP
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement").

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pled allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). If the Court dismisses a complaint or portions thereof, it must grant the plaintiff leave to amend under Fed. R. Civ. P. 15(a)(2), "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003).

**B.     The Complaint supports claims against State Farm for violating the WCPA**

State Farm's central argument is that the Complaint fails to provide a sufficient factual basis for State Farm's vicarious liability for SSB's violation of the WCPA.[1] According to State Farm, this Court must dismiss the WCPA claims against it because there are no facts that support a plausible legal theory that State Farm is liable for the actions of SSB. Unlike the cases cited by State Farm – which were all decided on a fully-developed record at the summary judgment phase – State Farm has not provided any unrefuted facts that support its position.

---

[1] Although SSB purports to join in State Farm's motion (DE #12), there is no similar argument available to SSB because the Complaint alleges, and SSB does not refute, that SSB acted directly by sending the letters to Plaintiff.

**BAILEY GLASSER LLP**
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

State Farm's argument for dismissal would set a pleading bar so high that any prospective plaintiff would need unfettered pre-filing access to State Farm's internal and proprietary information about its relationship with SSB. Although State Farm may offer rebuttal evidence later, at this stage the Court must draw all reasonable inferences in the Plaintiff's favor. *Wyler Summit P'ship.*, 135 F.3d at 661. The facts pled support three separate theories: State Farm's vicarious liability for SSB's WCPA violations under (1) actual or apparent agency, (2) joint tortfeasors, and/or (3) ratification, any of which are plausible and sustainable legal theories not militate against dismiss.

1. **State Farm is liable on the WCPA claims because the facts demonstrate actual or apparent authority**

An agent's authority to bind its principal may be either actual or apparent. *King v. Riveland*, 125 Wash.2d 500, 886 P.2d 160, 165 (Wash. 1994); *Hoglund v. Meeks*, 139 Wash.App. 854, 170 P.3d 37, 44 (Wash. Ct. App. 2007); *see also D. DeWolf, K. Allen*, 16 Wash. Prac. Tort Law and Practice § 3.18 (3d ed. 2006). "Whether an agency relationship exists is generally a question of fact for the jury." *Unruh v. Cacchiotti*, 257 P.3d 631, 638 (Wash. 2011). Express actual agency requires control of the agent by the principal. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 2012 WL 3517326, at *11 (Wash. Aug.16, 2012). State Farm argues that Plaintiff asserted no facts that it controlled SSB, therefore State Farm cannot be held liable for SSB's actions. However, "[i]mplied authority is actual authority, circumstantially proved, which the principal is deemed to have actually intended the agent to possess." *King*, 886 P.2d at 165. Implied actual authority depends upon objective manifestations made by the principal to the agent. *Id.* "The manifestations to the agent can be made by the principal directly, or by any means intended to cause the agent to believe that he is authorized or which the



910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

principal should realize will cause such belief." *Blake Sand & Gravel, Inc. v. Saxon*, 98 Wash. App. 218, 989 P.2d 1178, 1181 (Wash Ct. App.1999) (quoting Restatement (Second) of Agency § 26 cmt. b, at 101 (1958)).

Actual authority to perform certain services on a principal's behalf results in implied authority to perform the usual and necessary acts associated with the authorized services. *Hoglund*, 170 P.3d at 44 (citing *Larson v. Bear*, 38 Wash.2d 485, 230 P.2d 610, 613 (Wash.1951)). As the Washington Supreme Court has articulated, "the principal is bound by the act of his agent when he has placed the agent in such position that persons of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority, and to deal with him in reliance upon such assumption." *Hoglund*, 170 P.3d at 44 (quoting *Mohr v. Sun Life Assurance Co. of Can.*, 198 Wash. 602, 89 P.2d 504, 505 (Wash.1939)). For the doctrine to come into play, it is not necessary for State Farm to communicate directly with Plaintiffs. Rather, such "objective manifestations" to third parties can arise "directly from the principal" or "from authorized statements of the agent." *Hartman v. United Bank Card Inc.*, No. C11-1753JLR, 2012 WL 4758052, at *5-7 (W.D. Wash. Oct. 4, 2012) quoting *Smith v. Hansen, Hansen, & Johnson, Inc.*, 63 Wash. App. 355, 818 P.2d 1127, 1133 (Wash. Ct. App. 1991).

Although the collection demand letters were not sent out directly from State Farm, the letters do state that SSB seeks to collect "debts" as the collection agent for State Farm. Presumably, State Farm contracted with SSB to collect on these "debts" and SSB subsequently sent out the false and misleading collection letters. In sending the letters, SSB expressly identified itself as State Farm's agent. Indeed, the "amounts due" under the letters are to be sent to SSB for remittance to State Farm.

BAILEY GLASSER LLP
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

State Farm's argument that the facts pled do not demonstrate control and reliance on *Stephens* is misplaced on a motion to dismiss. *Stephens* reversed a granting of <u>summary judgment</u> for the Plaintiff against the insurance company where Omni provided a uncontroverted declaration from its employee that affirmatively stated Omni exercised no control whatsoever over the collection agent. *Stephens,* 159 P.3d at 26-27. Therefore, the evidence was insufficient to grant summary judgment to Stephens, which is a far cry from the relief that State Farm seeks here – to dismiss Ms. Thornell's claims prior to any discovery, and without offering any evidence. Whether the circumstances in this case are sufficient to negate an implied, actual, or apparent agency theory of liability, such that State Farm is not vicariously liable for the actions of SSB, is a question of fact typically reserved for the jury. Accordingly, the Court should deny State Farm's motion to dismiss with respect to the issue of vicarious liability.

> **2.      State Farm is liable on the WCPA claims because the facts support a reasonable inference that State Farm acted in concert with SSB**

The Court should deny State Farm's motion to dismiss because the facts in the Complaint support a reasonable inference that State Farm acted in concert with SSB. The original meaning of 'joint tort' was that of vicarious liability for concerted action. *Siebrand v. Gossnell*, 234 F.2d 81, 91 (9th Cir. 1956). "All persons who acted in concert to commit a trespass, in pursuance of a common design, were held liable for the entire result . . . all might be joined as defendants in the same action at law and since each was liable for all, the jury would not be permitted to apportion the damages." *Id.* To consider whether vicarious liability applies, the Court must "address the individual Defendant's conduct in isolation to see whether each participated in concerted activity." *United Steel Workers Local 12-369 v. United Steel, Paper &*


910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202-463-2101

*Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union*, No. CV-07-5053-RHW, 2009 WL 3332997, at *2 (E.D. Wash. Oct. 14, 2009). The Court may find, as did the Court in *United Steel Workers*, "that is it a better use of the Court's and counsels' time to hear the evidence and ultimately conclude whether the facts conform to Plaintiffs' legal theories" *Id.* This reasoning supported the denial of summary judgment in *United Steel Workers* and supports denial of State Farm's motion to dismiss.

  The Complaint alleges concerted action by State Farm and SSB in violation of the WCPA. Plaintiff received three separate collection letters, each of which purport to be *on behalf of* State Farm. *See* Compl. ¶¶ 9-16. The Complaint alleges that State Farm and SSB acted together in the collection of the debt, and repeated described the collection efforts as made collectively by both "Defendants" not just SSB. *See* Compl. ¶¶ 16-24. As alleged, SSB worked as State Farm's agent, and periodically sent State Farm money that was collected from its efforts. State Farm's employee, John Fuchs, confirmed the receipt of money and stated that State Farm accepted $6,352,194 from SSB within the last four years. *See* DE # 3, Decl. of John Fuchs, ¶ 3. On a motion to dismiss, the plaintiff gets the benefit of all reasonable inferences. *Wyler Summit P'ship.*, 135 F.3d at 661. Under the pled facts in the Complaint it is reasonable to infer that State Farm acted in concert with SSB in collection efforts that spanned four years and resulted in large sums paid to State Farm. Further, unlike *Stephens*, the centerpiece of the motion to dismiss here, State Farm produced no uncontroverted affidavit or declaration that disavows any concerted action between the Defendants. The reasonable inferences drawn from the facts of the complaint support State Farm's vicarious liability as a joint tortfeasor and State Farm's motion to dismiss should be denied.

**BAILEY GLASSER LLP**
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

### 3. State Farm is liable on the WCPA claims because the facts demonstrate ratification

Under Washington law, a principal may be liable under a "ratification theory" if he or she accepts the benefits of an act with knowledge of that act's material facts. *Consumers Ins. Co. v. Cimoch*, 69 Wash. App. 313, 323, 848 P.2d 763 (Wash Ct. App.1993); *Thola v. Henschell*, 140 Wash. App. 70, 86, 164 P.3d 524, 32 (2007)**;** *See* Restatement (Third) of Agency (2006) §§ 2.01, 2.03, 4.01 (explaining that agency may be established by express authorization, implicit authorization, or ratification). The Restatement (Second) of Agency § 82 (1958) states, "[r]atification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account..." *Nichols Hills Bank v. McCool*, 104 Wash.2d 78, 85, 701 P.2d 1114, 118 (Wash.1985). Whether or not affirmance should be inferred from a failure to repudiate an action is a question of fact. *Id.*(citing Restatement (Second) of Agency § 94, cmt. a (1958)).

Here, it is undisputed that State Farm accepted a benefit from SSB's collection efforts. The declaration of State Farm's employee, John Fuchs, confirms the receipt of at least $6,352,194 by State Farm from SSB within the last four years. *See* DE #3, Decl. of John Fuchs, ¶ 3. Some portion of this amount remitted to State Farm was collected on unliquidated debts, like Plaintiff's. Further, Plaintiff affirmatively pled that State Farm knew about SSB's collection efforts and that the "debts" SSB was tasked with collecting were bogus. *See* Compl. ¶¶ 16, 17, 36. Plaintiff pled that State Farm retained a benefit and knew the material facts associated with SSB's illegal collection practices. Although State Farm may argue it did not *control* SSB, it has proffered no evidence that disavows control or its knowledge of SSB's activities. Therefore, State Farm's motion to dismiss should be denied.

**BAILEY GLASSER** LLP
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

### 4.      State Farm's motion recognizes that the WCPA can be applied to non-Washington residents

State Farm's argument that the WCPA does not apply extraterritorially relies on the

application of *Schnall v. AT&T Wireless Servcs., Inc.*, 225 P.3d 929 (Wash. 2010) ("*Schnall I*"),

an opinion which has subsequently been withdrawn and replaced. *See Schnall v. AT&T Wireless*

*Servcs., Inc.*, 259 P.3d 129 (Wash. 2011)("*Schnall II*"). State Farm argues, for all intents and

purposes, that this Court should ignore the withdrawal of *Schnall I* and the subsequent opinions

in this district. In doing so, State Farm fails to point to a single opinion that would contradict the

overwhelming majority of courts in this district that have held, after *Schnall I* was withdrawn,

that the WCPA applies to the actions of a Washington corporation against non-residents of

Washington. *See Rajagopalan,* 2012 WL 727075, at *5; *Peterson*, 2012 WL 254264 at *2;

*Keithly*, 2011 WL 2790471, at *1. Following the withdrawal of *Schnall I*, judges in this district

have affirmatively held that the WCPA applies extraterritorially. As explained in *Keithly* by

Judge Lasnik:

> The Washington Supreme Court has withdrawn its original opinion in *Schnall v.*
> *AT&T Wireless Servs., Inc.*, and reissued an opinion that omits all discussion
> regarding the viability of a non-resident's CPA claim. *Schnall v. AT & T Wireless,*
> *Inc.*, [171 Wash.2d 260 (2011)]. The Court is therefore left with the previous law
> of Washington, which recognized CPA claims asserted by non-resident
> consumers against Washington corporations. *See Schnall v. AT & T Wireless*
> *Servs., Inc.*, 139 Wash. App. 280, 284, 161 P.3d 395 (2007); *McGinnis v. T-*
> *Mobile USA, Inc.*, 2008 WL 4772127 at *1 (W.D. Wash. Oct. 30, 2008); *Kelley v.*
> *Microsoft*, 251 F.R.D. 544, 552 (W.D. Wash. 2008). This interpretation of the
> statute is consistent with both the purpose of the CPA and the statutory language.

*Keithly*, 2011 WL 2790471, at *1 (W.D. Wash. May 17, 2011); *See also Rajagopalan,* 2012

WL 727075, at *5 (same) *aff'd*, 718 F.3d 844 (9th Cir. 2013).

Through its faulty due process argument, State Farm claims there is a conflict in laws

between the WCPA and the laws of other states that is procedurally "unfair" to State Farm. If



there is a conflict of law, the Court applies Washington's most significant relationship test in order to determine which law to apply. *Coe v. Philips Oral Healthcare Inc.*, No. C13-518 MJP, 2014 WL 5162912, at *3 (W.D. Wash. Oct. 14, 2014); *Kelley*, 251 F.R.D. at 551. Washington's test requires courts to determine which state has the "most significant relationship" to the cause of action. *Id.* If the relevant contacts to the cause of action are balanced, the court considers the interests and public policies of potentially concerned states and the manner and extent of such policies as they relate to the transaction. *Id.*

Here, the acts primarily complained of were committed by a Washington corporation, SSB, within Washington. State Farm contracted with SSB, a Washington corporation, to act as its collection agent. Presumably, the collection letters were drafted in Washington. The collection letters were sent from Washington. And, the "detach and return" slips were to be sent to a post office box located in Washington. Accordingly, the conduct complained of occurred substantially within Washington by a Washington corporation. *Coe*, 2014 WL 5162912, at *3 ("Washington has a significant relationship to alleged deceptive trade practices by a Washington corporation."). Further, "Washington has a strong interest in promoting a fair and honest business environment in the state, and in preventing its corporations from engaging in unfair or deceptive trade practices in Washington or elsewhere." *Id.* Therefore, "Washington recognizes WCPA claims asserted by non-resident consumers against Washington corporations." *Id.* (citing *Keithly*, 2011 WL 2790471, *1).

Moreover, the strong public policy interests of Washington are in no way diminished by the fact that SSB acted as State Farm's agent. If anything, this agency relationship creates greater public policy interest for the state of Washington in this case. To allow State Farm to be unchecked for the actions of its Washington agent would only encourage other non-Washington


910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

corporations to fail to remedy the illegal acts of their in-state agents. Also, it cannot be fair competition to allow State Farm to utilize a collection agent that violates Washington law, instead of a more honest, but possibly less effective, collection agents. Highlighting this public policy concern in its motion, State Farm hints at the fact that holding it accountable for SSB's action will only encourage it to hire less scrupulous collection agents outside of Washington. *See* DE #9, at 10 ("a suit against State Farm . . . will only encourage State Farm and others to hire collection agencies that are not based in Washington"). The result that State Farm advocates should not be allowed, and the motion to dismiss should be denied.

### C. The Complaint supports claims against State Farm and SSB for unjust enrichment and other equitable relief.

Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it. *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wash.App. 151, 160, 810 P.2d 12 (1991) ("Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another."). Under both Washington and Illinois law, where State Farm is located, to state a cause of action based on the theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience. *Bailie,* 61 Wash. App. at 160 (1991); *Firemen's Annuity & Benefit Fund v. Mun. Emps', Officers', & Officials' Annuity & Benefit. Fund* 219 Ill. App. 3d 707, 12, 579 N.E.2d 1003, 07 (1991). Both Washington and Illinois courts may focus on the defendant's retention of benefits rather than the loss to any particular plaintiff. *Schlosser v. Welk*, 193 Ill. App. 3d 448, 450, 550 N.E. 241 (Ill. App. Ct. 1990); *Kelley*, 251 F.R.D. at 559 (under Washington law, plaintiffs



910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

argued that unjust enrichment is amenable to common proof because the focus is on the gain to Microsoft rather than the loss to any individual plaintiff. The Court stated that the argument may be correct, but the trier of fact must still consider whether and how an injustice occurred).

Here, both State Farm and SSB have retained a benefit as a result of a common collection effort that Plaintiff contends violate the WCPA. It may be true that equitable relief for unjust enrichment is only available as an alternative to damages under the WCPA, but the Court can allow both of Plaintiff's claims to proceed as it did in *Kelley v. Microsoft,* where both WCPA and unjust enrichment claims survived. Also, it is not necessary that Plaintiff was duped into paying State Farm to bring an unjust enrichment claim. Plaintiff alleges that State Farm and SSB engaged in a common scheme that allowed each Defendant to be unjustly enriched. Indeed, the Defendants' collection scheme likely factors in the statistical probability that some letter recipients will not blindly submit payment, which is likely the reason for Defendants to cast a wide net to include both liquidated and non-liquidated debts. Whether or not Plaintiff sent money to State Farm or SSB, she incurred damages as a result of State Farm and SSB's conduct by paying for credit monitoring and consulting with an attorney about the collection letters. Plaintiff should be penalized for being diligent – and not being duped – by Defendants' illegal efforts. Plaintiff may be entitled to a lesser amount of damages than someone who actually remitted payment, but she was still a target of Defendants' behavior that resulted in their unjust enrichment. As a result of the Defendants' behavior, Plaintiff also incurred a detriment.

Other equitable relief – declaratory and injunctive – that Plaintiff seeks are available here where State Farm and SSB's actions are of a continuing nature that will produce future harm on class members. Plaintiff's remedy at law, under the WCPA, is inadequate if "(1) the injury complained of by its nature cannot be compensated by money damages, (2) the damages



cannot be ascertained with any degree of certainty, and (3) the remedy at law would not be efficient because the injury is of a continuing nature." *Kucera v. State, Dep't of Transp.,* 140 Wash. 2d 200, 10, 995 P.2d 63, 69 (Wash. 2000). While much of the harm caused by State Farm and SSB can be remedied by money damages, not all injury is so remedied. The Defendants' conduct is continuing in nature because there is no indication that SSB's collection efforts have been halted or adjusted to not violate the WCPA. Even if SSB and State Farm paid a monetary amount, only declaratory and injunctive relief can prevent their continuing illegal collection efforts. Although there may be a majority of the harm that can be remedied by monetary damages under the WCPA, declaratory and injunctive relief can be pursued concurrently with WCPA or unjust enrichment claims. *See Martin v. Twin City Fire Ins. Co.,* No. 08-5651RJB, 2009 WL 902072, at *2 (W.D. Wash. Mar. 31, 2009) ("[d]espite the labels put on the claims, there are underlying legally cognizable claims [declaratory and injunctive relief] within those claims [breach of contract and WCPA] that may be proven at trial. Therefore, the plaintiff's allegations are enough to survive the motion to dismiss.") Just as this Court allowed declaratory and injunctive relief claims to proceed in *Martin* as not-duplicative of other claims, Plaintiff's declaratory and injunctive relief allegations are enough to survive a motion to dismiss.

### D.  State Farm's motion to strike class allegations is premature.

Rule 12(f) allows a party to strike a pleading that is a "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, State Farm makes no showing how any of the class allegations fall into any of these four categories of pleadings. Moreover, the scant authority State Farm cites is completely distinguishable from this case. The one opinion cited by State Farm from this district, *Baker v. Microsoft Corp.*, 851 F. Supp. 2d

**BAILEY GLASSER** LLP
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

1274 (W.D. Wash. 2012), noted that the case was "identical in pertinent part to a putative class action previously pursued by Plaintiffs" and for which another court "entered an order denying class certification." *Baker v. Microsoft Corp.*, 851 F. Supp. 2d at 1276. There is no such prior decision here on an "essentially identical" case that makes Plaintiffs' class action allegations "redundant." Therefore, the reasoning of *Baker* does not apply here.

Another decision cited by State Farm for the granting of a motion to strike class allegations at an early stage, *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) has been widely criticized by other district courts. Commenting on *Sanders*, another California district court stated, "[S]uch a motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012); *see also Astiana v. Ben & Jerry's Homemade, Inc.,* Nos. C 10–4387 PJH, C 10–4937 PJH, 2011 WL 2111796 (N.D. Cal. 2011). Further, class suitability issues are best resolved during a motion for class certification. *Rosales,* 882 F. Supp. 2d at 1179. So long as class action allegations "address each of the elements of Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent," the court should find that the allegations are sufficient to survive a motion to strike. *Clark v. State Farm Mut. Auto. Ins. Co.,* 231 F.R.D. 405, 407 (C.D. Cal. 2005).

Courts in this district agree that "[w]here the plaintiff has not moved for class certification, review of class action related arguments would be premature." *Martin*, 2009 WL 902072, at *2. State Farm has done little to explain how the four requisite basis for a motion to strike – redundancy, materiality, pertinence, or scandal – apply to any of Plaintiff's class allegations. Failure to do so is fatal to State Farm's attempt to circumvent Rule 23, especially



any preemptive arguments of Plaintiff's typicality under Rule 23. Rather, Plaintiff's complaint addresses each of the elements of rule 23 – numerosity (Compl. ¶28), commonality (Compl. ¶29), typicality (Compl. ¶30), adequacy (Compl. ¶31), as well as predominance (Compl. ¶32) and superiority (Compl. ¶33). This Court should not follow the minority of courts that prematurely strike class allegations prior to a motion on class certification. State Farm's motion to strike should be denied.

## IV.  CONCLUSION

For the grounds stated above, Plaintiff requests that Defendants' Motion to Dismiss under Rule 12(b)(6) and Motion to Strike under Rule 12(f) be denied.

Dated: December 5, 2014.

/s/ Michael L. Murphy

Michael L. Murphy, WSBA #37481
James L. Kauffman, *Pro Hac Vice*
BAILEY GLASSER LLP
910 17th Street, N.W., Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
mmurphy@baileyglasser.com
jkauffman@baileyglasser.com

**BAILEY GLASSER** LLP
910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101

**CERTIFICATE OF SERVICE**

     I, Michael L. Murphy, hereby certify that on December 5, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to the following:

Jeffrey I Hasson
DAVENPORT & HASSON
12707 NE HALSEY ST
PORTLAND, OR 97230
503-255-5352
Fax: FAX 1-503-255-6124
Email: hasson@dhlaw.biz

*Counsel for Defendant Seattle Service Bureau, Inc.*

| | |
|---|---|
| Cornelius M. Murphy | Thomas J. Frederick |
| WINSTON & STRAWN (IL) | WINSTON & STRAWN (IL) |
| 35 WEST WACKER DR | 35 WEST WACKER DR |
| CHICAGO, IL 60601 | CHICAGO, IL 60601 |
| 312-558-5600 | 312-558-5600 |
| Email: NMurphy@Winston.com | Email: TFrederick@Winston.com |

Joseph D Hampton
BETTS PATTERSON & MINES
701 PIKE ST, STE 1400
SEATTLE, WA 98101-3927
206-292-9988
Fax: 206-343-7053
Email: jhampton@bpmlaw.com

*Counsel for Defendant State Farm Mutual Auto Insurance Company*

/s/Michael L. Murphy
Michael L. Murphy
BAILEY GLASSER LLP



910 17TH STREET, NW, SUITE 800
WASHINGTON, DC 20006
TEL: 202.463-2101