UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA THORNELL,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE SERV. BUREAU, INC. and STATE FARM AUTO. INS. CO.,<br><br>Defendants. | CASE NO. C14-1601 MJP<br><br>ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT |

THIS MATTER comes before the Court on Defendant State Farm Automobile Insurance Company's ("State Farm's") request in the alternative to certify the question of the Washington Consumer Protection Act's extraterritorial application to the Defendants in this case. (Dkt. No. 9 at 13.)

**Background**

The Plaintiff in this putative class action is a Texas resident. (Dkt. No. 1, Ex. A at 3.) According to the Complaint, the Plaintiff received allegedly deceptive debt collection letters from Defendant Seattle Service Bureau ("SSB"), a corporation with its principal place of

business in Washington, pursuant to the referral of unliquidated subrogation claims to SSB by State Farm, a corporation with its principal place of business in Illinois. (See id.) Plaintiff argues these letters constitute Consumer Protection Act violations by both SSB and State Farm. She alleges she incurred damages by signing up for a credit monitoring service and retaining counsel. (Id. at 9.)

The Court denied a Motion to Dismiss in other respects relating to the WCPA claim, but did not reach a decision with respect to the extraterritorial application of the Washington Consumer Protection Act against Washington and Illinois defendants.

Defendants argued that the Washington Consumer Protection Act does not apply extraterritorially, citing a Washington Supreme Court opinion that was later withdrawn. Schnall v. AT&T Wireless Servs, Inc., 168 Wn.2d 125, 142 (2010) ("Schnall I"), opinion withdrawn upon reconsideration by Schnall v. AT&T Wireless Servs, Inc., 171 Wn.2d 260 (2011) ("Schnall II"). The superseding opinion contains the dissenting opinion of three justices who would have specifically held that claims against Washington corporations are cognizable under the WCPA, while the majority declined to reach the issue. See Schnall II, 171 Wn.2d 260, 287 (opinion of Sanders, J.). The dissenting justices thought it was important that "[a]t least one party [in the case] is native to Washington in every transaction here." Id.

In the wake of Schnall II, several judges in this District have held that the WCPA has extraterritorial application to claims by out-of-state plaintiffs against Washington corporations based on the understood state of the law prior to Schnall I. See, e.g., Keithly v. Intelius Inc., No. C09-1485RSL, 2011 WL 2790471, *1 (W.D. Wash. May 17, 2011); Rajagopalan v. NoteWorld, LLC, No. C11–05574BHS, 2012 WL 727075, *5 & n.6 (W.D. Wash. Mar. 6, 2012); Peterson v. Graoch Assocs. No. 111 Ltd. Partnership, No. C11-5069BHS, 2012 WL 254264, *2 (W.D.

Wash. Jan. 26, 2012). This case, however, relates to an Illinois corporation and its alleged Washington agent. No case specifically holds that the WCPA applies to a foreign plaintiff's suit against a foreign corporation, even one that hired a Washington vendor to pursue the conduct at issue.

Furthermore, the Ninth Circuit has described the extraterritorial reach of the WCPA as an open question. See Red Lion Hotels Franchising, Inc. v. MAK, LLC, 663 F.3d 1080, 1091 (9th Cir. 2011).

**Analysis**

Under Washington law,

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020.

The certification process serves the important judicial interests of efficiency and comity. According to the United States Supreme Court, certification saves "time, energy, and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Because this matter presents a question about the extraterritorial application of an important Washington statute, it has potentially wide-ranging implications for the protection of out-of-state consumers from the allegedly deceptive acts of Washington corporations and the availability of Washington courts for the adjudication of nationwide class actions. The following questions are hereby certified to the Washington Supreme Court:

1) Does the Washington Consumer Protection Act create a cause of action for a plaintiff residing outside Washington to sue a Washington corporate defendant for allegedly deceptive acts?

2) Does the Washington Consumer Protection Act create a cause of action for an out-of-state plaintiff to sue an out-of-state defendant for the allegedly deceptive acts of its in-state agent?

This Court does not intend its framing of the questions to restrict the Washington Supreme Court's consideration of any issues that it determines are relevant. If the Washington Supreme Court decides to consider the certified questions, it may in its discretion reformulate the questions. See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc., 556 F.3d 920, 922 (9th Cir. 2009).

**Conclusion**

This Court CERTIFIES the above questions and STAYS the action until the Washington Supreme Court answers the certified questions.

The Clerk of Court is directed to submit to the Washington Supreme Court certified copies of this Order and the Order on the Motion to Dismiss; a copy of the docket in the above-captioned matter; and Docket Numbers 1, 9, 12, 18, 21, 22, and 26. The record so compiled contains all matters in the pending causes deemed material for consideration of the local-law questions certified for answer. The Clerk is further ordered to provide copies of this order to all counsel.

Dated this 6th day of March, 2015.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
Chief United States District Judge